Petway v. Hoskins.

T. W. PETWAY et al. v. W. A. HOSKINS et al.

CHANCERY PLEADINGS AND PRACTICE. *Priority of creditors.* Judgment creditors who file bills to reach the equitable interest of their debtor in land will be entitled to priority of satisfaction in the order in which the bills are filed, whether attachments are sued out or not; and where two or more bills are filed on the same day, the first in point of time will prevail.

FROM POLK.

Appeal from the Chancery Court at Benton. M. L. HALL, J., presiding by interchange.

J. A. CALDWELL for Petway.

P. B. MAYFIELD for Hoskins.

COOPER, J., delivered the opinion of the court.

Three separate bills by different judgment creditors of W. A. Hoskins, upon a return of nulla bona, were filed to subject the equitable interest of the debtor in certain land to the satisfaction of the debts. The causes were heard at the same time without being consolidated, and by consent the question was submitted to the court as to the rights of the creditors to priority of satisfaction. The chancellor ordered the fund to be paid to the creditors *pro rata.* The creditors in the first bill filed in point of time appealed. The defendant Hoskins seems also to have appealed, but has made no defense to the affirmance of the decrees against him.

Petway *v.* Hoskins.

The Referees report in favor of paying the creditors in the order of time in which their bills were filed, and of affirming the decrees in other respects.

Two of the bills were filed on the same day, the Petway bill eight hours in advance of the other. The third bill was filed six months thereafter.

It has long been the settled law of this State that a judgment creditor might acquire a lien upon the equitable realty of his debtor by the filing of a bill: *McNairy* v. *Eastland*, 10 Yer., 309. And the statute, in conformity with the decisions, expressly gives him a lien "from the filing of the bill": Code, sec. 4286. No attachment is necessary to fix the lien, and if sued out it would only be by what a learned judge has called "the power of the court to grant attachments in regard to property in the ordinary course of proceeding, when necessary or useful to obtain or secure its jurisdiction": *Graham* v. *Merrill*, 5 Cold., 622, 631. See *House* v. *Swanson*, 7 Heis., 32; *Cowan* v. *Dunn*, 1 Lea, 68. A day may always be divided, and the time accurately ascertained whenever necessary to the ends of justice: *Murfree* v. *Carmack*, 4 Yer., 270; *Miller* v. *Estill*, Meigs, 483; *Berry* v. *Clements*, 9 Hum., 312. And it has been so expressly decided in the case of the analogous creditor's liens by attachment of property: *Stone* v. *Abbott*, 3 Baxt., 319. Between creditors it is a race of diligence, and the first in time is always first in right.

The report of the Referees will be confirmed, and the decree below modified so as to give the creditors priority in the order of time of the filing of their re-

spective bills, and in other respects affirmed. The complainants are entitled to a decree for the costs of this court and the court below against the defendant Hoskins, but as between themselves the costs of each bill will be paid out of the fund in the order of priority of the respective decrees as above.